

**SO ORDERED.**

**SIGNED this 27 day of September, 2018.**

James P. Smith
**James P. Smith**
**Chief United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| IN RE: | §§ | **BANKRUPTCY CASE** |
| **Stuart Eugene McCleskey** | §§ | NO.   18-50032 JPS |
| SS#:  XXX-XX- **6401** | §§ | |
| | §§ | **CASE UNDER CHAPTER 12** |
| | §§ | |
| **DEBTOR** | §§ | |

<u>**ORDER CONFIRMING DEBTOR'S PLAN UNDER CHAPTER 12**</u>

The Plan under Chapter 12 of the Bankruptcy Code having been filed by the Debtor; and

Said Chapter 12 Plan having been transmitted to the Chapter 12 Trustee, all creditors and all parties in interest with notice of the hearing on confirmation as ordered by this Court; and

The Debtor and various Creditors, which have filed objections to confirmation or which planned to oppose confirmation at the confirmation hearing, having announced agreement at the hearing on confirmation to certain modifications of said Plan which resolve said objections; and

All objections which were filed being resolved by said announcements made at the confirmation hearing, with no further objections raised at the confirmation hearing, and with no objections to the confirmation remaining; and

Whereas, the resolutions of all objections and agreements are set forth below and consented to by all objecting parties, the Chapter 12 Trustee, and the Debtor for the purpose of confirming the Plan Under Chapter 12 of the Debtor; and

Whereas the Court received evidence at said hearing on eligibility of the Debtor for Chapter 12 relief and the feasibility of the Debtor's Plan;

NOW THEREFORE, this Court after notice and hearing and receiving evidence finds the following:

**1**

The provisions of Chapter 12 of the United States Bankruptcy Code have been complied with, the Debtor is qualified to proceed under Chapter 12, and the Plan has been proposed in good faith and not by any means forbidden by law.

**2**

All fees, charges, or amounts required under Chapter 12 of Title 11, or by the Plan, have been paid.

**3**

Debtor owns certain real property, farm equipment, vehicles, and other personal property set forth in the Schedules heretofore filed in this Chapter 12 Case, and all of said property of the Debtor, unless otherwise provided for in this Order as a minimum dividend, is either fully encumbered by claims of secured creditors or exempted.

**4**

Debtor owns no other real or personal property. Therefore, if Debtor was liquidated under Chapter 7 as of the date of confirmation or the effective date of the Plan, the secured creditors would be entitled to receive all proceeds from Debtor's real and personal property securing their claims, all totally and partially unsecured creditors would receive no payment in excess of any collateral held by such creditors other than the amount of any minimum dividend provided for herein, and the Debtor would be entitled to retain all of the property under the Debtor's allowed exemptions.

**5**

The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of this title on such date.

**6**

With respect to each allowed secured claim provided for by the Plan, the value, as of the effective date of the Plan, of the property to be distributed by the Trustee or the Debtor under the Plan on account of such claim is not less than the allowed secured amount of such claim.

**7**

The Debtor will be able to make all payments under the Plan and to comply with the Plan.

**8**

The Debtor can reasonably project receipts from the family farm income and from the non-farm family income of the Debtor, operating expenses, and living expenses of the Debtor, which will leave a net amount remaining available to make payments under the Plan for the current year and subsequent years under the Plan.

**9**

After consideration of the evidence, testimony, Debtor's schedules, and the projected living expenses of $94,730.00 of the Debtor, which the Court finds to be reasonable, the Debtor shows reasonably projected funds available for purposes of making the Plan payments and the Trustee's commission thereon for payments made through the Trustee's office for the current year and for subsequent years under the Plan.

**10**

The Plan provides that all of the Debtor's projected disposable income, to be received during a period no less than    3    years subsequent to the date of    January 1, 2018   , will be applied to make payments under the Plan.

**11**

The minimum dividend to be paid under the terms of the Plan shall be in the amount of:
        $92,500.00
In the event that the minimum dividend has not been paid within the initial three year term of the Plan, the Plan shall be automatically extended without further order of the Court for the payment of the minimum dividend, and the period no more than five years from the effective date of the Plan shall be allowed within which to pay said minimum dividend to the Trustee.  Said minimum dividend shall be subject to the Trustee's commission.

**12**

The following Creditors and parties in interest have agreed to withdraw or withhold their objections to the Plan pursuant to agreements regarding modifications of the Plan by this Order of the various Classes concerning these Creditors and parties in interest set forth in subsequent paragraphs of this Order:

| | | |
|---|---|---|
| **Class 1** | AgGeorgia Farm Credit | |
| **Class 2** | Findlay Gin Company | |
| **Class 5** | The Cooperative Finance Association Inc. | |
| **Class 7** | Deere & Company | |
| **Class 8** | Regions Bank | |
| **Chapter 12 Trustee:** | Walter Kelley | |

**13**

The resolutions of the above described objections are set forth in and incorporated into the provisions of Exhibit A attached to and made a part of this Order.  The Plan is amended by deleting the paragraphs of the Plan which correspond to the same numbered paragraphs set forth in Exhibit A and by substituting the numbered paragraphs contained in Exhibit A in lieu of the corresponding numbered paragraphs of the Plan.  (Exhibit B is also attached hereto in addition to the terms of this Order as a summary of the Plan payments.)

**14**

Pursuant to the terms of Paragraph 23(f) of the Plan as filed, The Debtor, without the requirement of any further notice, hearing or order of the Court whatsoever, during the duration of this Plan, is authorized and entitled to participate in and enter into contracts related to any federal farm program, including but not limited to Farm Service Agency Commodity Programs, Price Support Programs, Disaster Programs and Conservation Programs, and any such future farm program.  Payments due to the Debtor pursuant to any such program, unless otherwise provided in the terms of the Plan above to be collateral for any class, shall be delivered to the Debtor without the requirement of any further notice, hearing or order of the Court whatsoever.

**15**

No other objections remain to the Chapter 12 Plan of the Debtors as modified by the terms of this Order.

**16**

Except as modified by the terms of this Order the remaining provisions of the Chapter 12 Plan of the Debtor remain as originally filed or heretofore modified by the Debtor.

THEREFORE IT IS ORDERED AND ADJUDGED that the Chapter 12 Plan of the Debtor in the above Chapter 12 Case, is modified by the findings set forth above in this Order, and the Chapter 12 Plan, as modified, is confirmed.

**END OF DOCUMENT**

Approved by:

| | |
|---|---|
| */S/ Ray Holland* | */S/ Walter Kelley* |
| Ray Holland, Attorney at Law | Walter Kelley, Chapter 12 Trustee |
| Holland & Holland, | P. O. Box 70879 |
| Attorneys at Law, LLC | Albany, GA 31708 |
| Attorney for the Debtor | |
| Ga. Bar Number 361012 | |
| P. O. Box 824 | |
| Ashburn, GA 31714 | |
| 229-567-2824 | |
| house157@mindspring.com | |

| | | |
|---|---|---|
| */S/   Michael B. Pugh* | */S/   John T. McGoldrick, Jr.* | */S/   Mark Gilbert* |
| Michael B. Pugh, Attorney at Law | John T. McGoldrick, Jr., Attorney | Mark Gilbert, |
| Ga. Bar No. 150170 | at Law | Attorney at Law |
| Attorney For: Deere & Company | Georgia State Bar No. 492650 | GA State Bar No. 293797 |
| Thompson, O'Brien, Kemp & Nasuti, P.C. | Attorney for AgGeorgia Farm | Attorney For: |
| 40 Technology Parkway South, | Credit, ACA | Findlay Gin Company Coleman |
| Suite 300 | Martin Snow, LLP | Talley LLP |
| Norcross, Georgia 30092 | P.O. Box 1606 | P.O. Box 5437 |
| | Macon, Georgia 31202-1606 | Valdosta, GA 31603-5437 (229) |
| | (478) 749-1716; (478) 743-4204 | 242-7562 |
| | jtmcgoldrick@martinsnow.com | |

| | |
|---|---|
| */S/   Kelly E. Waits* | */S/   Graham H. Stieglitz* |
| Kelly E. Waits, Attorney at Law | Graham H. Stieglitz, |
| Georgia Bar No. 142677 | Attorney at Law |
| Burr & Forman LLP | Georgia Bar No. 682047 |
| Attorneys for: Regions Bank | Burr & Forman LLP |
| 171 17th Street NW, Suite 1100 | Attorneys for: |
| Atlanta, Georgia 30363 | The Cooperative Finance |
| direct 404-685-4306 | Association Inc. |
| kwaits@burr.com | 171 17th Street NW, Suite 1100 |
| | Atlanta, Georgia 30363 |
| | direct 404-685-4316 |
| | gstieglitz@burr.com |

*This Order prepared by: Ray Holland, Attorney for Debtor(s), Ga. Bar Number 361012;*
*Holland & Holland, Attorneys at Law, LLC; P.O. Box 824; Ashburn, Georgia 31714; Phone:  (229) 567-2824*

# EXHIBIT A TO ORDER OF CONFIRMATION OF CHAPTER 12 PLAN OF
## Stuart Eugene McCleskev

## CASE NUMBER:
## 18-50032 JPS

5.    All claims shall be divided into classes as follows:

(a)    **Class 1**

Creditor:    AgGeorgia Farm Credit

Collateral:    The fully secured and unimpaired claims of the Class 1 Creditor, AgGeorgia Farm Credit, are secured by the collateral which includes and is not limited to the following: Debtor's 1/2 interest in: Farm Land: Acres: 184.05; LL 18, LD 2; Hall Road, Dooly County, GA and Acres: 180.78; LL 144, 143. LD 2 Dooly County, GA; all as more particularly set forth in Paragraph 12 of the Plan

(b)    **Class 2**

Creditor:    Findlay Gin Company

Collateral:    The fully secured and unimpaired claims of the Class 2 Creditor, Findlay Gin, in the amount of $1,051,792.47, of of the date of its proof of claim filed in this case, plus interest thereon, are secured by the collateral which includes and is not limited to the following: Debtor's interest in: Acres: 165.3; LL 209, 240 LD 2; Hwy 41, Dooly County, GA; AND Acres: 15; LL 209, 240 LD 2; Hwy 41, Dooly County, GA; AND Acres: 9; LL 180 LD 2; 50 Collins Road; Dooly County, GA; AND Debtor's 1/2 interest in: Acres: 184.05; LL 18, LD 2; Hall Road, Dooly County, GA; AND Debtor's 1/2 interest in: Acres: 180.78; LL 144 and 143, LD 2; Dooly County, GA; AND a lien on all equipment (subject to the purchase money liens of CNH and Deere & Company as shown in Class 6 and Class 7 respectively), and a lien on any remaining proceeds or claims from the 2017 crops and and crop insurance and government program payments relating thereto, including the 2017 PLC payments anticipated to be received in 2018; AND all other real property and equipment as set forth in said Creditor's Proof of Claim filed in this Chapter 12 Case, dated March 14, 2018, including all liens evidenced by the debt instruments shown in the charts and Exhibits attached thereto, which the Class 2 Creditor retains; all as more particularly set forth in Paragraph 12 of the Plan.

(c)    **Class 3**

    Creditor:    Helena Chemical Company d/b/a Helena Finance

    Collateral:    Judgment lien arising out of Case No. 16-DV-0082 in the Superior Court of Dooly County, Georgia dated August 3, 2016; recorded August 19, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 141, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in: Acres: 79.97; LL 112, LD 2, Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92, LL 145, LD 2; Collins Road, Dooly County, GA, AND Debtor's 1/3 undivided Interest in the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, Georgia; AND Acres: 0.34; Address: 740 E. Railroad Street; Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; all of the above according to the lien priorities in the Dooly County, Georgia Public Records.

(d)    **Class 4**

    Creditor:    Producers Credit Corporation

    Collateral:    Judgment lien arising out of Case No. 15-CV-00214-CAR in the United States District Court Middle District of GA; dated October 19, 2015; recorded June 8, 2016, in Dooly County, Georgia, General Execution Docket in Book 37, Page 470, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in: Acres: 79.97; LL 112, LD 2; Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92; LL 145, LD 2; Collins Road, Dooly County, GA; AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA; AND Acres: 0.34; Address: 740 E. Railroad Street. Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; subordinate lien on farm machinery and equipment; all of the above according to the lien priorities in the Dooly County, Georgia Public Records.

(e)  **Class 5**

    Creditor:    The Cooperative Finance Association Inc.

    Collateral:    Judgment lien arising out of Case No. 16-CV-314-MTT in United States District Court for the Middle District of GA, dated November 4, 2015; recorded December 13, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 459, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Acres: 79.97; LL 112, LD 2; Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92; LL 145, LD 2; Collins Road, Dooly County, GA; AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA; AND Acres: 0.34; Address: 740 E. Railroad Street, Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; all of the above according to the lien priorities in the Dooly County, Georgia Public Records.

(f)  **Class 6**

    Creditor:    CNH Industrial Capital America, LLC

    Collateral:    Case Patriot 3240 Sprayer

(g)  **Class 7**

    Creditor:    Deere & Company

    Collateral:    John Deere 1700 Planter w/2013 KMC Ripper & Lift; 2013 John Deere Baler Cotton Picker Mdl 7760; 2013 John Deere Tractor 8360; 2012 John Deere 8360R Tractor with Greenstar; 2013 John Deere 8285R TRactor with Greenstar; 2013 John Deere 8285R Tractor with Greenstar

(h)  **Class 8**

    Creditor:    Regions Bank

    Collateral:    Subordinate lien on all equipment (subordinate to liens of Findlay Gin, Deere & Company, and CNH, and subject to the existence of a properly filed and still valid UCC in Georgia public records) and 2014 crops (provided there is no value remaining in 2014 crops)

    (i)    **Class 9**
          Creditors:   Judgment Creditors

    (j)    **Class 10**
          Creditors:   Unsecured Creditors

6.    The secured amounts of the claims of the various classes of creditors are as follows:

| Class | Creditor | Collateral Value (or debt) | Collateral Description |
|---|---|---|---|
| **Class 1** | AgGeorgia Farm Credit | $75,242.13 | The fully secured and unimpaired claims of the Class 1 Creditor, AgGeorgia Farm Credit, are secured by the collateral which includes and is not limited to the following: Debtor's 1/2 interest in: Farm Land: Acres: 184.05; LL 18, LD 2; Hall Road, Dooly County, GA and Acres: 180.78; LL 144, 143. LD 2 Dooly County, GA; all as more particularly set forth in Paragraph 12 of the Plan |
| **Class 2** | Findlay Gin Company | $1,051,792.47 | The fully secured and unimpaired claims of the Class 2 Creditor, Findlay Gin, in the amount of $1,051,792.47, of of the date of its proof of claim filed in this case, plus interest thereon, are secured by the collateral which includes and is not limited to the following: Debtor's interest in: Acres: 165.3; LL 209, 240 LD 2; Hwy 41, Dooly County, GA; AND Acres: 15; LL 209, 240 LD 2; Hwy 41, Dooly County, GA; AND Acres: 9; LL 180 LD 2; 50 Collins Road; Dooly County, GA; AND Debtor's 1/2 interest in: Acres: 184.05; LL 18, LD 2; Hall Road, Dooly County, GA; AND Debtor's 1/2 interest in: Acres: 180.78; LL 144 and 143, LD 2; Dooly County, GA; AND a lien on all equipment (subject to the purchase money liens of CNH and Deere & Company as shown in Class 6 and Class 7 respectively), and a lien on any remaining proceeds or claims from the 2017 crops and and crop insurance and government program payments relating thereto, including the 2017 PLC payments anticipated to be received in 2018; AND all other real property and equipment as set forth in said Creditor's Proof of Claim filed in this Chapter 12 Case, dated March 14, 2018, including all liens evidenced by the debt instruments shown in the charts and Exhibits attached thereto, which the Class 2 Creditor retains; all as more particularly set forth in Paragraph 12 of the Plan. |

| Class 3 | Helena Chemical Company d/b/a Helena Finance | $177,365.60 | Judgment lien arising out of Case No. 16-DV-0082 in the Superior Court of Dooly County, Georgia dated August 3, 2016; recorded August 19, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 141, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in: Acres: 79.97; LL 112, LD 2, Snow Springs Road, Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92, LL 145, LD 2; Collins Road, Dooly County, GA, AND Debtor's 1/3 undivided Interest in the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, Georgia; AND Acres: 0.34; Address: 740 E. Railroad Street; Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; all of the above according to the lien priorities in the Dooly County, Georgia Public Records. |
| Class 4 | Producers Credit Corporation | $332,841.40 | Judgment lien arising out of Case No. 15-CV-00214-CAR in the United States District Court Middle District of GA; dated October 19, 2015; recorded June 8, 2016, in Dooly County, Georgia, General Execution Docket in Book 37, Page 470, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in: Acres: 79.97; LL 112, LD 2; Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92; LL 145, LD 2; Collins Road, Dooly County, GA; AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA; AND Acres: 0.34; Address: 740 E. Railroad Street. Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; subordinate lien on farm machinery and equipment; all of the above according to the lien priorities in the Dooly County, Georgia Public Records. |

| Class 5 | The Cooperative Finance Association Inc. | $377,107.18 | Judgment lien arising out of Case No. 16-CV-314-MTT in United States District Court for the Middle District of GA, dated November 4, 2015; recorded December 13, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 459, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Acres: 79.97; LL 112, LD 2; Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92; LL 145, LD 2; Collins Road, Dooly County, GA; AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA; AND Acres: 0.34; Address: 740 E. Railroad Street. Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; all of the above according to the lien priorities in the Dooly County, Georgia Public Records. |
| Class 6 | CNH Industrial Capital America, LLC | $169,537.22 | Case Patriot 3240 Sprayer |
| Class 7 | Deere & Company | $971,990.48 | John Deere 1700 Planter w/2013 KMC Ripper & Lift; 2013 John Deere Baler Cotton Picker Mdl 7760; 2013 John Deere Tractor 8360; 2012 John Deere 8360R Tractor with Greenstar; 2013 John Deere 8285R TRactor with Greenstar; 2013 John Deere 8285R Tractor with Greenstar |
| Class 8 | Regions Bank | $225,622.79 | Subordinate lien on all equipment (subordinate to liens of Findlay Gin, Deere & Company, and CNH, and subject to the existence of a properly filed and still valid UCC in Georgia public records) and 2014 crops (provided there is no value remaining in 2014 crops) |
| Class 9 | Judgment Creditors | *see plan* | |
| Class 10 | Unsecured Creditors | *see plan* | |

7.      Unless otherwise stated the liens of the creditors are perfected, evidenced and recorded in accordance with the laws of the State of Georgia as follows:

(a)      Liens on real estate by Deeds to Secure Debt.

(b)      Liens on equipment and other personalty by security agreements and financing statements.

(c)      Liens on vehicles and manufactured homes by security agreements and certificates of title.

8.      The classified secured creditors under this Plan, the sole collateral for each such class, and the terms of payment of each secured Class are as follows:

(a)      **Class 1**
   (i)      Name of the Creditor under this Class:
         AgGeorgia Farm Credit
   (ii)     Allowed secured amount of the claim under this class:
         $75,242.13
   (iii)    The portion of the total claims of the Creditor named in this Class which is secured:
         Fully Secured
   (iv)     Collateral for the claim under this Class:
         The fully secured and unimpaired claims of the Class 1 Creditor, AgGeorgia Farm Credit, are secured by the collateral which includes and is not limited to the following:  Debtor's 1/2 interest in: Farm Land: Acres: 184.05; LL 18, LD 2; Hall Road, Dooly County, GA and Acres: 180.78; LL 144, 143. LD 2 Dooly County, GA; all as more particularly set forth in Paragraph 12 of the Plan

   (v)      Treatment of the claims of the Class 1 Creditor:
         This creditor shall retain the collateral securing its claims and shall be unimpaired and paid outside the Chapter 12 Plan according to the existing loan instruments, as more particularly set forth in Paragraph 12 of this Plan.

   (vi)     Consent Order between Debtor and Creditor incorporated herein:
         The Debtor and the Creditor in this Class have also entered into a Consent Order in Docket 96 dated September 6, 2018, which provides additional provisions regarding the resolution of said Creditor's objection to confirmation. The terms of said Consent Order are incorporated into this Confirmation Order by reference. In the event of a conflict between the terms of the Consent Order and the Confirmation Order, the terms of the Consent Order shall prevail.

and

(b) **Class 2**

    (i)    Name of the Creditor under this Class:

            Findlay Gin Company

    (ii)    Allowed secured amount of the claim under this class:

            $1,051,792.47

    (iii)    The portion of the total claims of the Creditor named in this Class which is secured:

            Fully Secured

    (iv)    The interest rate per annum accruing on the claim under this Class:

            6.50%

    (v)    Number of years over which the payment of the claim under this class is amortized:

            10

    (vi)    The frequency of the amortized payments on the claim under this Class:

            Annually

    (vii)    Total number of amortized payments on the claim in this Class at the frequency described above:

            10

    (viii)    Initial interest only payment amount:

            n/a

    (ix)    Initial interest only payment date:

            n/a

    (x)    Amount of succeeding periodic payments on the claim in this Class at the frequency described above:

            The Debtor shall pay one-tenth of the principal ($105,179.247) plus 6.5% interest each year for a period of 10 years, with the first year's total payment of principal and interest being $173,545.76.

    (xi)    Beginning date of succeeding periodic payments on the claim in this Class at the frequency described above:

            December 31, 2018

    (xii)    Collateral for the claim under this Class:

The fully secured and unimpaired claims of the Class 2 Creditor, Findlay Gin, in the amount of $1,051,792.47, of of the date of its proof of claim filed in this case, plus interest thereon, are secured by the collateral which includes and is not limited to the following: Debtor's interest in: Acres: 165.3; LL 209, 240 LD 2; Hwy 41, Dooly County, GA; AND Acres: 15; LL 209, 240 LD 2; Hwy 41, Dooly County, GA; AND Acres: 9; LL 180 LD 2; 50 Collins Road; Dooly County, GA; AND Debtor's 1/2 interest in:  Acres: 184.05; LL 18, LD 2; Hall Road, Dooly County, GA; AND Debtor's 1/2 interest in:  Acres: 180.78; LL 144 and 143, LD 2; Dooly County, GA; AND a lien on all equipment (subject to the purchase money liens of CNH and Deere & Company as shown in Class 6 and Class 7 respectively), and a lien on any remaining proceeds or claims from the 2017 crops and and crop insurance and government program payments relating thereto, including the 2017 PLC payments anticipated to be received in 2018; AND all other real property and equipment as set forth in said Creditor's Proof of Claim filed in this Chapter 12 Case, dated March 14, 2018, including all liens evidenced by the debt instruments shown in the charts and Exhibits attached thereto, which the Class 2 Creditor retains; all as more particularly set forth in Paragraph 12 of the Plan.

(xiii)   Payment method of the claim under this Class:
Debtor shall pay to the Trustee periodically the amount necessary to make payments to this Creditor in a timely manner, plus a percentage of the payment in the amount of   7%   or in the percentage as the same may vary from time to time as set by the United States Trustee.

(xiv)   Consent Order between Debtor and Creditor incorporated herein:
The Debtor and the Creditor in this Class have also entered into a separate Consent Order, which is being submitted to the Court along with this Confirmation Order, and which provides additional provisions regarding the resolution of said Creditor's objection to confirmation. The terms of said Consent Order are incorporated into this Confirmation Order by reference. In the event of a conflict between the terms of the Consent Order and the Confirmation Order, the terms of the Consent Order shall prevail.

and

(c)   **Class 3**
(i)   Name of the Creditor under this Class:
Helena Chemical Company d/b/a Helena Finance
(ii)   Allowed secured amount of the claim under this class:
$177,365.60
(iii)   The portion of the total claims of the Creditor named in this Class which is secured:
Fully Secured

(iv)   The interest rate per annum accruing on the claim under this Class:
   5.25%

(v)   Number of years over which the payment of the claim under this class is amortized:
   25

(vi)   The frequency of the amortized payments on the claim under this Class:
   Annually

(vii)   Total number of amortized payments on the claim in this Class at the frequency described above:
   25

(viii)   Initial interest only payment amount:
   n/a

(ix)   Initial interest only payment date:
   n/a

(x)   Amount of succeeding periodic payments on the claim in this Class at the frequency described above:
   $12,901.69

(xi)   Beginning date of succeeding periodic payments on the claim in this Class at the frequency described above:
   December 31, 2018

(xii)   Collateral for the claim under this Class:
   Judgment lien arising out of Case No. 16-DV-0082 in the Superior Court of Dooly County, Georgia dated August 3, 2016; recorded August 19, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 141, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in:  Acres: 79.97; LL 112, LD 2, Snow Springs Road, Dooly County, GA;  AND Debtor's 1/2 undivided interest in:  Acres: 49.92, LL 145, LD 2; Collins Road, Dooly County, GA, AND Debtor's 1/3 undivided Interest in the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, Georgia; AND Acres: 0.34; Address: 740 E. Railroad Street; Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; all of the above according to the lien priorities in the Dooly County, Georgia Public Records.

(xiii)   Payment method of the claim under this Class:
   Debtor shall pay to the Trustee periodically the amount necessary to make payments to this Creditor in a timely manner, plus a percentage of the payment in the amount of  7%  or in the percentage as the same may vary from time to time as set by the United States Trustee.

and

(d)  **Class 4**
  (i)  Name of the Creditor under this Class:
       Producers Credit Corporation
  (ii)  Allowed secured amount of the claim under this class:
        $332,841.40
  (iii)  The portion of the total claims of the Creditor named in this Class which is secured:
         Fully Secured
  (iv)  The interest rate per annum accruing on the claim under this Class:
        5.25%
  (v)  Number of years over which the payment of the claim under this class is amortized:
       25
  (vi)  The frequency of the amortized payments on the claim under this Class:
        Annually
  (vii)  Total number of amortized payments on the claim in this Class at the frequency described above:
         25
  (viii)  Initial interest only payment amount:
          n/a
  (ix)  Initial interest only payment date:
        n/a
  (x)  Amount of succeeding periodic payments on the claim in this Class at the frequency described above:
       $24,211.10
  (xi)  Beginning date of succeeding periodic payments on the claim in this Class at the frequency described above:
        December 31, 2018
  (xii)  Collateral for the claim under this Class:

Judgment lien arising out of Case No. 15-CV-00214-CAR in the United States District Court Middle District of GA; dated October 19, 2015; recorded June 8, 2016, in Dooly County, Georgia, General Execution Docket in Book 37, Page 470, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in: Acres: 79.97; LL 112, LD 2; Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92; LL 145, LD 2; Collins Road, Dooly County, GA; AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA; AND Acres: 0.34; Address: 740 E. Railroad Street. Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; subordinate lien on farm machinery and equipment; all of the above according to the lien priorities in the Dooly County, Georgia Public Records.

(xiii)  Payment method of the claim under this Class:
Debtor shall pay to the Trustee periodically the amount necessary to make payments to this Creditor in a timely manner, plus a percentage of the payment in the amount of  7%  or in the percentage as the same may vary from time to time as set by the United States Trustee.

and

(e)  **Class 5**
(i)   Name of the Creditor under this Class:
The Cooperative Finance Association Inc.
(ii)  Allowed secured amount of the claim under this class:
$377,107.18
(iii) The portion of the total claims of the Creditor named in this Class which is secured:
Fully Secured
(iv)  The interest rate per annum accruing on the claim under this Class:
7.00%       *(Interest shall be computed at the rate of the prime interest rate as reported by the Wall Street Journal on December 31 of each year under this Plan plus 2 percent, and the annual payments shall be adjusted to reflect the interest adjustment on said date and reported to the Debtor, Trustee, and Debtor's counsel during the plan.)*
(v)   Number of years over which the payment of the claim under this class is amortized:
10
(vi)  The frequency of the amortized payments on the claim under this Class:
Annually
(vii) Total number of amortized payments on the claim in this Class at the frequency described above:

The claims under this Class balloon upon reaching payment number 5; therefore there shall be 5 payments of $53,691.58 with the balance of principal and interest due in full  on 12/31/2022

(viii)   Initial interest only payment amount:
n/a

(ix)    Initial interest only payment date:
n/a

(x)    Amount of succeeding periodic payments on the claim in this Class at the frequency described above:
$53,691.58

(xi)    Beginning date of succeeding periodic payments on the claim in this Class at the frequency described above:
December 31, 2018

(xii)    Collateral for the claim under this Class:
Judgment lien arising out of Case No. 16-CV-314-MTT in United States District Court for the Middle District of GA, dated November 4, 2015; recorded December 13, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 459, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Acres: 79.97; LL 112, LD 2; Snow Springs Road, Dooly County, GA;  AND Debtor's 1/2 undivided interest in:  Acres: 49.92; LL 145, LD 2; Collins Road, Dooly County, GA; AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA; AND Acres: 0.34; Address: 740 E. Railroad Street. Dooly County, GA (Warehouse Storage Building);  and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; all of the above according to the lien priorities in the Dooly County, Georgia Public Records.

(xiii)   Payment method of the claim under this Class:
Debtor shall pay to the Trustee periodically the amount necessary to make payments to this Creditor in a timely manner, plus a percentage of the payment in the amount of   7%   or in the percentage as the same may vary from time to time as set by the United States Trustee.

(xiv)   Payment method of the claim under this Class:

The Debtor shall each year during the plan and the amortized repayment terms concerning the creditor in this class provide written directions to any person or entity acting as a buying point for any of the crops of the Debtor that, following the payment in full of any person or entity providing crop financing for said crop year and holding a security interest in the crops approved by the court, authorizing and directing said person or entity prior to issuing any funds solely to the Debtor to issue a payment or payments directly to the Chapter 12 Trustee in an amount sufficient to make the payment due to the Creditor under this Class plus the Trustee's commission thereon. The Debtor shall provide a copy of said written instructions to the Creditor in this Class, and the Creditor may confirm receipt of said instructions with any such person or entity. The failure to issue said written instructions shall constitute a default under the terms of the Plan and this requirement shall be strictly construed. It is the intention of the Debtor and the Creditor in this Class by this language that the payment from the Debtor to this Class shall be sent directly from the crop proceeds to the Trustee and and this language shall be so construed.

and

    (f)    **Class 6**

    (i)    Name of the Creditor under this Class:
        CNH Industrial Capital America, LLC

    (ii)    Allowed secured amount of the claim under this class:
        $169,537.22

    (iii)    The portion of the total claims of the Creditor named in this Class which is secured:
        Fully Secured

    (iv)    The interest rate per annum accruing on the claim under this Class:
        5.25%

    (v)    Number of years over which the payment of the claim under this class is amortized:
        7

    (vi)    The frequency of the amortized payments on the claim under this Class:
        Annually

    (vii)    Total number of amortized payments on the claim in this Class at the frequency described above:
        7

    (viii)    Initial interest only payment amount:
        n/a

    (ix)    Initial interest only payment date:
        n/a

    (x)    Amount of succeeding periodic payments on the claim in this Class at the frequency described above:
        $29,565.40

(xi)   Beginning date of succeeding periodic payments on the claim in this Class at the frequency described above:
December 31, 2018

(xii)   Collateral for the claim under this Class:
Case Patriot 3240 Sprayer

(xiii)   Payment method of the claim under this Class:
Debtor shall pay to the Trustee periodically the amount necessary to make payments to this Creditor in a timely manner, plus a percentage of the payment in the amount of   7%   or in the percentage as the same may vary from time to time as set by the United States Trustee.

and

(g)   **Class** 7

(i)   Name of the Creditor under this Class:
Deere & Company

(ii)   Allowed secured amount of the claim under this class:
$971,990.48

(iii)   The portion of the total claims of the Creditor named in this Class which is secured:
Fully Secured

(iv)   The interest rate per annum accruing on the claim under this Class:
5.25%

(v)   Number of years over which the payment of the claim under this class is amortized:
6

(vi)   The frequency of the amortized payments on the claim under this Class:
Annually

(vii)   Total number of amortized payments on the claim in this Class at the frequency described above:
6

(viii)   Initial interest only payment amount:
n/a

(ix)   Initial interest only payment date:
n/a

(x)   Amount of succeeding periodic payments on the claim in this Class at the frequency described above:
$189,032.98

(xi)   Beginning date of succeeding periodic payments on the claim in this Class at the frequency described above:
December 31, 2018

(xii)   Collateral for the claim under this Class:

John Deere 1700 Planter w/2013 KMC Ripper & Lift; 2013 John Deere Baler Cotton Picker Mdl 7760; 2013 John Deere Tractor 8360; 2012 John Deere 8360R Tractor with Greenstar; 2013 John Deere 8285R TRactor with Greenstar; 2013 John Deere 8285R Tractor with Greenstar

(xiii)   Payment method of the claim under this Class:
Debtor shall pay to the Trustee periodically the amount necessary to make payments to this Creditor in a timely manner, plus a percentage of the payment in the amount of   7%   or in the percentage as the same may vary from time to time as set by the United States Trustee.

(xiv)   Consent Order between Debtor and Creditor incorporated herein:
The Debtor and the Creditor in this Class have also entered into a Consent Order in Docket 101 dated September 10, 2018, which provides additional provisions regarding the resolution of said Creditor's objection to confirmation, surrender of equipment and payment terms. The terms of said Consent Order are incorporated into this Confirmation Order by reference. In the event of a conflict between the terms of the Consent Order and the Confirmation Order, the terms of the Consent Order, or any subsequent consent amendment ordered thereto, shall prevail.

and

(h)   **Class 8**

(i)   Name of the Creditor under this Class:
Regions Bank

(ii)   Allowed secured amount of the claim under this class:
$225,622.79

(iii)   The portion of the total claims of the Creditor named in this Class which is secured:
Fully Secured

(iv)   The interest rate per annum accruing on the claim under this Class:
6.25%

(v)   Number of years over which the payment of the claim under this class is amortized:
10

(vi)   The frequency of the amortized payments on the claim under this Class:
Annually

(vii)   Total number of payments on the claim in this Class at the frequency described above:
The claims under this Class balloon upon reaching payment number 6; therefore there shall be 5 payments of $31,019.02 with the balance of principal and interest due in full  on 12/31/2023

(viii)   Initial interest only payment amount:
n/a

(ix)   Initial interest only payment date:
n/a

(x)   Amount of succeeding periodic payments on the claim in this Class at the frequency described above:
$31,019.02

(xi)   Beginning date of succeeding periodic payments on the claim in this Class at the frequency described above:
December 31, 2018

(xii)   Collateral for the claim under this Class:
Subordinate lien on all equipment (subordinate to liens of Findlay Gin, Deere & Company, and CNH, and subject to the existence of a properly filed and still valid UCC in Georgia public records) and 2014 crops (provided there is no value remaining in 2014 crops)

(xiii)   Payment method of the claim under this Class:
Debtor shall pay to the Trustee periodically the amount necessary to make payments to this Creditor in a timely manner, plus a percentage of the payment in the amount of   7%   or in the percentage as the same may vary from time to time as set by the United States Trustee.

# Exhibit B; Chapter 12 Payment Schedule

**Case No.:**    **18-50032 JPS**

**Stuart Eugene McCleskey**

| Class | Creditor | Collateral | No. of payments during year | Payment *(or Interest Only Payment)* by December 31 Current Year | Total of Payments by December 31st Each Subsequent Year | Amount of Each payment Due | Trustee Commission On Payment |
|---|---|---|---|---|---|---|---|
| 1 | AgGeorgia Farm Credit | The fully secured and unimpaired claims of the Class 1 Creditor, AgGeorgia Farm Credit, are secured by the collateral which includes and is not limited to the following: Debtor's 1/2 interest in: Farm Land: Acres: 184.05; LL 18, LD 2; Hall Road, Dooly County, GA and Acres: 180.78; LL 144, 143. LD 2 Dooly County, GA; all as more particularly set forth in Paragraph 12 of the Plan | | | | | |
| 2 | Findlay Gin Company | The fully secured and unimpaired claims of the Class 2 Creditor, Findlay Gin, in the amount of $1,051,792.47, of of the date of its proof of claim filed in this case, plus interest thereon, are secured by the collateral which includes and is not limited to the following: Debtor's interest in: Acres: 165.3: LL 209, 240 LD 2: Hwy 41, Dooly County, GA: AND Acres: 15: LL 209, 240 LD 2: Hwy 41, Dooly County, GA: AND Acres: 9: LL 180 LD 2: 50 Collins Road: Dooly County, GA: AND Debtor's 1/2 interest in: Acres: 184.05: LL 18, LD 2: Hall Road, Dooly County, GA: AND Debtor's 1/2 interest in: Acres: 180.78: LL 144 and 143, LD 2: Dooly County, GA: AND a lien on all equipment (subject to the purchase money liens of CNH and Deere & Company as shown in Class 6 and Class 7 respectively), and a lien on any remaining proceeds or claims from the 2017 crops and and crop insurance and government program payments relating thereto, including the 2017 PLC payments anticipated to be received in 2018: AND all other real property and equipment as set forth in said Creditor's Proof of Claim filed in this Chapter 12 Case, dated March 14, 2018, including all liens evidenced by the debt instruments shown in the charts and Exhibits attached thereto, which the Class 2 Creditor retains: all as more particularly set forth in Paragraph 12 of the Plan. | 1 | $173,545.76 | See Order above For Annual Payment Terms | | $13,062.58 |

| 3 | Helena Chemical Company d/b/a Helena Finance | Judgment lien arising out of Case No. 16-DV-0082 in the Superior Court of Dooly County, Georgia dated August 3, 2016; recorded August 19, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 141, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in: Acres: 79.97: LL 112, LD 2, Snow Springs Road, Dooly County, GA: AND Debtor's 1/2 undivided interest in: Acres: 49.92: LL 145, LD 2: Collins Road, Dooly County, GA, AND Debtor's 1/3 undivided Interest in the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, Georgia: AND Acres: 0.34: Address: 740 E. Railroad Street: Dooly County, GA (Warehouse Storage Building): and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2: with no value remaining in any prior crop lien: all of the above according to the lien priorities in the Dooly County, Georgia Public Records. | 1 | $12,901.69 | $12,901.69 | $12,901.69 | *$971.09* |
| 4 | Producers Credit Corporation | Judgment lien arising out of Case No. 15-CV-00214-CAR in the United States District Court Middle District of GA: dated October 19, 2015: recorded June 8, 2016, in Dooly County, Georgia, General Execution Docket in Book 37, Page 470, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Debtor's 1/2 undivided interest in: Acres: 79.97: LL 112, LD 2: Snow Springs Road, Dooly County, GA: AND Debtor's 1/2 undivided interest in: Acres: 49.92: LL 145, LD 2: Collins Road, Dooly County, GA: AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA: AND Acres: 0.34: Address: 740 E. Railroad Street. Dooly County, GA (Warehouse Storage Building): and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2: with no value remaining in any prior crop lien: subordinate lien on farm machinery and equipment: all of the above according to the lien priorities in the Dooly County, Georgia Public Records. | 1 | $24,211.10 | $24,211.10 | $24,211.10 | *$1,822.34* |

| 5 | The Cooperative Finance Association Inc. | Judgment lien arising out of Case No. 16-CV-314-MTT in United States District Court for the Middle District of GA, dated November 4, 2015; recorded December 13, 2016, in Dooly County, Georgia, General Execution Docket in Book 38, Page 459, creating a secured lien on the Debtor's otherwise unencumbered real property as follows: Acres: 79.97; LL 112, LD 2; Snow Springs Road, Dooly County, GA; AND Debtor's 1/2 undivided interest in: Acres: 49.92; LL 145, LD 2; Collins Road, Dooly County, GA; AND Debtor's 1/3 undivided Interest in the real property from the estate of the Debtor's deceased mother, Mary Plunkett McCleskey, (which consists of 11 tracts of land totalling 836.25 acres in Dooly County, GA; AND Acres: 0.34; Address: 740 E. Railroad Street, Dooly County, GA (Warehouse Storage Building); and a subordinate secured lien on Debtor's other real property, subject to prior lienholders set forth in Classes 1 and 2; with no value remaining in any prior crop lien; all of the above according to the lien priorities in the Dooly County, Georgia Public Records. | 1 | $53,691.58 | $53,691.58 | $53,691.58 | *$4,041.30* |
| 6 | CNH Industrial Capital America, LLC | Case Patriot 3240 Sprayer | 1 | $29,565.40 | $29,565.40 | $29,565.40 | *$2,225.35* |
| 7 | Deere & Company | John Deere 1700 Planter w/2013 KMC Ripper & Lift; 2013 John Deere Baler Cotton Picker Mdl 7760; 2013 John Deere Tractor 8360; 2012 John Deere 8360R Tractor with Greenstar; 2013 John Deere 8285R TRactor with Greenstar; 2013 John Deere 8285R Tractor with Greenstar | 1 | $189,032.98 | $189,032.98 | $189,032.98 | *$14,228.29* |

| 8 | Regions Bank | Subordinate lien on all equipment (subordinate to liens of Findlay Gin, Deere & Company, and CNH, and subject to the existence of a properly filed and still valid UCC in Georgia public records) and 2014 crops (provided there is no value remaining in 2014 crops) Note: Obligation balloons upon payment number 6 | 1 | $31,019.02 | $31,019.02 | $31,019.02 | *$2,334.77* |
|---|---|---|---|---|---|---|---|
| 9 | Judgments | *See Plan For Treatment of Judgments* | | | | | |
| 10 | Unsecured | *See Plan for Dividend Information* | | | | | |
| Priority | Priority Claims | *See Plan for Priority Claim Treatment* | | | | | |